IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | BANKRUPTCY CASE NO. 20-10460 |
| JOHN JOSEPH BRITTINGHAM, III, ) | |
| ) | |
| Debtor(s), ) | |
| ) | |
| DALLAS BLUME a/k/a ) | |
| DALLAS L. BLUME, JR., ) | |
| ) | CHAPTER 13 |
| Movant, ) | |
| vs. ) | JUDGE: SUSAN D. BARRETT |
| ) | |
| JOHN JOSEPH BRITTINGHAM, III, ) | |
| ) | |
| Respondent. ) | |

## MOTION FOR RELIEF FROM STAY

Comes now Movant and shows this Court the following:

1.

This is a Motion under Section 362(d) of the Bankruptcy Code for relief from the existing stay for the purpose of foreclosing by a private power of sale contained in certain security instrument (hereinafter referred to as the "Deed").

2.

The Movant holds a secured interest in certain real property located at **2236 Plantation Road, Augusta, Richmond County, GA 30906**. Said property is secured by a certain Deed to Secure Debt dated June 22, 2018 as filed in Book 1635, Page 528, with the Clerk of Court, Richmond County, Georgia. Reference is hereby made to Security Deed for a complete and accurate description of the subject property.

3.

The Debtor filed this Chapter 13 petition on May 4, 2020, Pro Se, in order to prevent foreclosure sale scheduled for May 5, 2020. Debtor's regular payments are $770.00. Debtor is in default for November 2019 through May 2020 *pre-petition* payments in the amount of **$5,890.00**, including accrued interest, late fees, foreclosure fees and costs.

4.

The unpaid principal balance is approximately $26,208.29, with interest being due thereon as indicated by the said loan documents, plus attorney's fees.

5.

Debtor currently does not reside in the property. Debtor's ex-wife, who is not a Co-Debtor, currently lives on the property. Said property is not necessary for an effective reorganization.

6.

Debtor's Plan, filed May 20, 2020, has no provision for Movant or any other Creditots, and further, has no monthly payment specified to the Trustee. All of Debtor's Schedules are incomplete as well.

7.

Because of the Debtors' defaults and clear inability to make all required payments, Movant is not adequately protected.

8.

Movant asserts sufficient cause exists to waive the requirement of Bankruptcy Rule 4001(a)(3), so that Movant may immediately enforce and implement an order granting relief from the automatic stay.

9.

Because the Deed provides that the Debtor is responsible for Movant's attorney's fees in pursuing legal actions such as this, Movant is entitled to reasonable attorney's fees from the Debtors under 11 U.S.C. Section 506 (b).

10.

Movant would further request that if relief is granted, Movant and Trustee shall thereafter be relieved from complying with Fed. R. Bank, P. 3002.1 in the instant bankruptcy case prospectively from the date relief is granted.

WHEREFORE, Movant prays for an Order relieving it from the stay as to certain real property located at 2236 Plantation Road, Augusta, Richmond County, Georgia authorizing Movant to proceed with the exercise of its private power of sale, to exercise any and all of its rights under appropriate state statutes, including, but not limited to, reasonable attorney's fees under 11 U.S.C. Section 506(b); Movant be relieved of the requirements of Fed. R. Bank, P. 3002.1; waive 4001(a)(3), and Movant prays for such other relief as is just and equitable.

This 27 day of May, 2020.

*/s/ Mark Wilhelmi*

Mark L. Wilhelmi
State Bar No. 759049
Attorney for Movant

3527 Wheeler Road, Suite 401
Augusta, Georgia 30909
Telephone: (706) 868-9646

2018035790

Intangible Tax Paid $96.00

Recording Fee: $18.00

SD **1635** Pg **528**

Filed and Recorded:
6/28/2018 10:37:03 AM
Hattie Holmes Sullivan
Clerk of Superior Court
Augusta Richmond County,

RETURN TO:   MARK L. WILHELMI.
ATTORNEY AT LAW
3527 Wheeler Road, Suite 401
Augusta, GA 30909

## SECURITY DEED

STATE OF GEORGIA
COUNTY OF RICHMOND

THIS INDENTURE, made the 22nd day of June, 2018 between JOHN JOSEPH BRITTINGHAM, III, whose address is 2236 Plantation Drive, Augusta, Georgia 30906, as party or parties of the first part, hereinafter called Grantor, and DALLAS BLUME, whose address is P.O. Box 6213, Augusta, Georgia 30916, as party of the second part, hereinafter called Grantee.

WHEREAS, Grantor is justly indebted to Grantee in the sum of thirty-two thousand dollars and no/100 ($32,000.00), in lawful money of the United States, and has agreed to pay the same, with interest thereon, according to the terms of a certain note (the "Note") given by Grantor to Grantee, bearing even date herewith, with final payment being due on November 1, 2022, the Note, by reference, being made a part hereof;

NOW WHEREFORE, for and in consideration of the premises and of the sum hereinabove set forth, in hand paid at and before the sealing and delivery of these presents, the receipt and sufficiency whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee, the following described property located in Richmond County, Georgia:

ALL THAT PIECE, parcel and lot of land with improvements thereon, containing 2.3 acres, more or less, situate, lying and being on the south side of Plantation Road in Richmond County, Georgia, and being known and designated as Lot 4 on a Plat of Section 1, Richmond Factory Place, recorded in the Office of the Clerk of Superior Court of Richmond County, Georgia, on Realty Reel 279, Page 1069, to which Plat and the record thereof; reference is hereby made in aid of and for a more complete and accurate description of the metes, bounds, courses and distances of said Lot 4.

Notice is also given that this conveyance is also subject to a thirty foot (30') easement for the construction and maintenance of a sewer line, the location of which is shown on said plat referred to in the legal description of the lot conveyed hereby. Said property is more commonly known as **2236 Plantation Road, Augusta, GA 30906.**

Also included is a 1987 Buccaneer, 14' x 70', Mobile home, Serial #ALB1118647058761.

This conveyance is made subject to all easements and restrictions of record.

Map/Parcel: 180-0-073-00-0

and all building, structures, and improvements of every nature whatsoever now or hereafter situated on said real estate, and all fixtures, machinery, equipment, appliances, personal property, construction supplies and materials of every kind and nature whatsoever now or hereafter owned by Grantor and located in, on or about, or used or intended to be used with or in connection with the use, operation or enjoyment of said real estate including all extensions, additions, improvements or replacements of any of the foregoing and all right, title or interest of Grantor in any such items, all of which are hereby declared and shall be deemed to be fixtures and accessions to the freehold and a part of the Premises as between the parties hereto and all persons claiming by, through or under them and which shall be deemed to be a portion of the security for the indebtedness herein described and to be secured by this Deed.

Together with all and singular the rights, easements, ways, members and appurtenances to the said property, being, belonging or in any wise appertaining, and the remainders, reversions, rents, issues and profits thereof (including all payments under leases, proceeds of insurance, condemnation payments and escrow funds) and every part thereof.

**THIS CONVEYANCE** is made under the provisions of the existing Code of the State of Georgia to secure the debt and interest thereon and other indebtedness as described herein, together with interest thereon from maturity at post-maturity interest rate set forth in said Note, or the maximum post-maturity rate of interest allowed by the law, and also for the purpose of securing such other and further indebtedness as may now be, or from time to time hereafter shall become, owing to the Grantee by the Grantor, or any one or more of them, which indebtedness shall include attorney's fees as provided for in any note evidencing such indebtedness, and in any and all renewals thereof and in any other promissory note evidencing any indebtedness hereby secured, and also any contingent indebtedness owing to the Grantee by the Grantor, or any one or more of them, as security guarantor or endorser, and all costs of collection, including attorney's fees in the amount of fifteen percent (15%) of the indebtedness and other obligations secured hereby, if collected by law or through an attorney-at-law or in bankruptcy or other judicial proceedings, it being the purpose and intention of this conveyance that in the event, in addition to the indebtedness above especially described, the Grantor or any one or more of them, may now be otherwise indebted or may from time to time hereafter become otherwise indebted to Grantee through overdrafts or other loans or contingently as security, guarantor, or endorser, then any and all such indebtedness shall be secured by this conveyance, as well as the specific debt first above described and any renewals, in whole or in part, of any note evidencing the same. Nothing herein contained, however, shall be construed as creating any obligation upon the Grantee to lend or extend credit to the Grantor, or any one or more of them, but it shall be entirely at the option of the Grantee whether or not any loan or extension of credit to be secured by this conveyance shall be made. It is the intention of the parties to create a perpetual or indefinite security interest in the real property described herein pursuant to O.C.G.A. §44-14-80(a) (2) and to agree that title shall not revert to the Grantor herein prior to the latter of seven years from the maturity of the debt as stated herein, or 20 years from the date of this conveyance.

The indebtedness hereby secured includes any renewal or extension of any part or all of said indebtedness; and if any portion of said indebtedness or any provision of this

instrument shall be held invalid for any reason, it is the intent of the parties that such portion shall be severable, and such invalidity shall not affect the remainder of said debt or instrument. Any one of several persons named as grantee herein or their assigns may receive payment of the secured indebtedness and execute a valid cancellation or reconveyance hereof. No release of any part of the property herein described or extension of all or any part of the indebtedness hereby secured, shall affect the personal liability of any person upon the indebtedness hereby secured, nor the priority of this instrument.

TO HAVE AND TO HOLD the said bargained property with all and singular the rights, members and appurtenances thereto appertaining, to the only proper use, benefit and behoof of Grantee, in fee simple and Grantor hereby covenants that Grantor is lawfully seized and possessed of said property, and has a good right to convey it, and it is unencumbered; and Grantor, the said bargained property, unto Grantee, against Grantor, and against all and every other person or persons shall and will WARRANT AND FOREVER DEFEND the right and title to the above-described property unto said Grantee, its successors, assigns, and legal representatives, against the claims of all persons whomsoever.

Should the indebtedness hereby secured be paid according to the tenor and effect thereof when the same shall become due and payable, and should Grantor perform all covenants, herein contained, then this deed shall be canceled and surrendered, it being intended by the parties hereto that this instrument shall operate as a deed, and not as a mortgage.

The Grantor covenants and agrees, so long as any indebtedness secured hereby shall remain unpaid, to keep the property and all improvements thereon in as good condition as now exists, natural wear and tear excepted, and also not to demolish, destroy, or remove any permanent structure now existing on the premises or make any alteration thereon that would constitute a structural change without the written consent of the Grantees; to pay all taxes and assessments that may be liens upon said property, as they become due; and to keep the improvements on said property fully insured against loss by fire and other hazards as may, from time to time, be required by Grantee in amounts and companies and with mortgage clause approved by Grantee, showing Grantee as loss payee, and shall deliver the policies of insurance and any renewals thereof to the said Grantee; and that any tax, assessment, prior lien or premium of insurance, not paid when due by the Grantor may be paid by the Grantee, and any sum so paid shall be added to the amount of said principal debt as part thereof, shall draw interest from the time of said payment at the rate of eight per cent per annum, and shall, with interest, be covered by the security of this deed.

AND Grantor hereby further covenants and agrees that in case of any default in any partial payment of said indebtedness or in the due performance of any of the covenants herein expressed to be performed by Grantor, then and in that event, the entire amount of said principal indebtedness, together with any and all sums paid for account of Grantor in accordance with the provisions above set forth, shall, at the option of Grantee, then and thereby become and be due and payable forthwith, with accrued interest, and all expenses and cost of collection, including fifteen per centum of the amount due as attorney's fees, and the amount of such costs, expenses and fees shall be added to the amount of the debt hereby secured as part thereof, and as such shall also be covered by the security of this deed; and time is the essence of this contract.

If at any time this security deed is subject to and inferior to one or more security deeds, the Grantor covenants and agrees that any condition or event creating a default in the terms of such security deed, or deeds, shall constitute a default under the terms hereof, and, in such event the Grantee may at its option and without notice declare the total indebtedness secured hereunder immediately due and payable. The Grantor hereby transfers, assigns, and sets over to the Grantee all moneys and rights to receive, and claims for money which may be payable to the Grantor as a result of any sale under the power of sale or any other foreclosure proceeding under such prior security deed, or deeds, and the Grantee shall receive and receipt for such sums and apply the same to the reduction of the indebtedness secured by this security deed.

Should default occur in the payment of any portion of the indebtedness secured hereby, or taxes, or insurance premiums herein mentioned, or in the performance of any obligation or condition recited herein, then and in that event Grantee shall be at liberty immediately to apply for and shall be entitled as a matter of right, without regard to the value of the property above described, or to the solvency or insolvency of Grantor, to the appointment of a receiver to collect the rents and profits of said property and with the power to sell said property under order of Court and apply the net proceeds of the sale toward the payment of the debt secured by this deed.

In consideration of the loan made Grantor by Grantee, and to further secure the indebtedness of Grantor to Grantee hereunder, Grantor hereby sells, assigns and transfers to Grantee all of the rent which shall hereafter become due or be paid on the above described property; but Grantee agrees that this rent assignment will not be enforced so long as no default on the part of Grantor exists under the terms and conditions of this deed, and while no such default exists, Grantee waives its rights to and its interest in said rents, but upon any default in the performance of any agreement or covenant to be performed by Grantor under the terms of this deed, Grantor agrees that Grantee may enter upon said property and collect the rents therefrom, and hereby constitutes Grantee as Grantor's agent to declare the existence of a default hereunder, and Grantor hereby agrees that any tenant in said property or any renting agent in charge thereof shall be, and is hereby, authorized when a default shall be so declared to exist, to pay any such rents to Grantee, to be applied toward the payment of the debt secured hereby or as provided by law.

The title, interest, rights and powers granted herein by Grantor to Grantee, particularly the power of sale granted herein, shall inure to the benefit of anyone to whom Grantee shall assign the indebtedness herein secured, and/or convey the property herein described, as well as to the successors and legal representatives of Grantee.

In case the debt hereby secured shall not be paid when it becomes due by maturity in due course, or by reason of a default as herein provided, Grantor hereby grants to Grantee, the following irrevocable power of attorney: To sell all or any part of the said property at auction, at the usual place for conducting sales at the Courthouse in the County where the land or any part thereof lies, in said State, to the highest bidder for cash, after advertising the time, terms and place of such sale once a week for four weeks immediately preceding such sale (but without regard to the number of days) in a newspaper published in the County where the land or any part thereof lies, or in the paper in which the Sheriff's advertisements for such County are published, all other notice being hereby waived by Grantor; and Grantee (or any person on behalf of Grantee) may

RECORD BOOK 1635 P. 532
Hattie Holmes Sullivan
Clerk of Superior Court
Augusta Richmond County,

bid and purchase at such sale and thereupon execute and deliver to the purchaser or purchasers at such sale a sufficient conveyance of said property in fee simple, which conveyance may contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends, and Grantor hereby constitutes and appoints Grantee the agent and attorney in fact of Grantor to make such recitals, and hereby covenants and agrees that the recitals so made by Grantee shall be binding and conclusive upon Grantor, and that the conveyance to be made by Grantee shall be effectual to bar equity of redemption of Grantor in and to said property, and Grantee shall collect the proceeds of such sale, and after reserving therefrom the entire amount of principal and interest due, together with the amount of taxes, assessments and premiums of insurance or other payments theretofore paid by Grantee, with eight per centum per annum thereon from date of payment, together with all costs and expenses of sale and fifteen per centum of the aggregate amount due for attorney's fees, shall pay any overplus to Grantor as provided by law.

AND Grantor further covenants that in case of a sale as hereinbefore provided, Grantor, or any person in possession under Grantor, shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale, or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over.

The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

It is agreed that the Grantee shall be subrogated to the claims and liens of all parties whose claims or liens are discharged or paid with the proceeds of the loan secured hereby.

Whenever the terms "Grantor" or "Grantee" are used in this deed such terms shall be deemed to include the heirs, administrators, executors, successors and assigns of said parties. All rights and powers herein granted to the grantee shall inure to and include his, her or its heirs, administrators, executors, successors and assigns, and all obligations herein imposed on the Grantor shall extend to and include Grantor's heirs, administrators, executors, successors and assigns.

IN WITNESS WHEREOF, Grantor has caused this instrument to be executed and sealed the day and year first above written.

Signed, sealed and delivered in the presence of

_____
Unofficial Witness

_____
Notary Public
My commission expires:

_____(L.S.)
JOHN JOSEPH BRITTINGHAM, III

# PROMISSORY NOTE

$32,000.00

Augusta, Georgia
June 22, 2018

FOR VALUE RECEIVED, **JOHN JOSEPH BRITTINGHAM III** promises to pay to the order of **DALLAS BLUME** the principal sum of **$32,000.00**, in legal tender of the United States of America, with interest thereon from date at the rate of 10.00% per centum per annum, on the unpaid balance until paid, in 52 installments, as follows:

Consecutive monthly payments, each in the amount of $770.00, the first payment to be due on **August 1, 2018**, and on the **first (1st)** day of each consecutive month thereafter with the final payment being the unpaid balance, each payment including both principal and interest at the rate of **10.0%** per annum, with the final maturity date being November **1, 2022**.

Principal and interest are payable as follows:

Each monthly payment is to be payable to **DALLAS BLUME** in the amount of **$770.00**. Payments are to be mailed to the address **P.O. Box 6213, Augusta, GA  30916**, or at such other place as the holder hereof may designate in writing.

If the Lender has not received the full amount of any payment by the end of 10 calendar days after the date it is due, Borrower shall pay a late charge to Lender.  The amount of the charge will be 5.0% of the overdue payment of principal and interest.  Borrower shall pay this late charge promptly, but only once on each late payment.

Should any installment not be paid when due, or should Borrower fail to comply with any of the terms or requirements of a security deed of even date herewith, conveying title to real property including 2.3 acres land and a 1987 Buccaneer Mobile Home with all improvements, 14x70 Mobile Home, Serial #ALB1118647058761, located in Richmond County, Georgia more commonly known as 2236 Plantation Road, Augusta, GA  20906, as security for this indebtedness, the entire unpaid principal sum evidenced by this note, with all accrued interest, shall, at the option of the Lender, and without notice to the Borrower, become due and may be collected forthwith, time being of the essence of this contract.  It is further agreed that failure of the Lender to exercise this right of accelerating the maturity of the debt, or indulgence granted from time to time shall in no event be considered as a waiver of such right of acceleration or stop the Lender from exercising such right.

In case this note is collected by law, as through an attorney at law, all cost of collection, including fifteen per centum (15%) of the principal and interest as attorney's fees, shall be paid by the maker hereof.

Borrower hereby for himself and family waives Homestead and all other exemptions under the laws of Georgia and all other states and of the United States in the Collateral as against the payment of the Obligations and assigns and conveys to Lender said Homestead exemption and all property or money claimed as exempt to apply to the payment of such obligations and Lender is appointed attorney in fact for Borrower to claim any and all Homestead exemption allowed by law.

And each of us, whether maker, endorser, guarantor, or surety, hereby severally waives and renounces for himself and family, any and all exemption rights either of us, or the family of either of us may have under or by virtue of the Constitution of laws of Georgia, or any other State, or the United States, as against this debt or any renewal thereof; and each further waives demand, protect and notice of demand, protest and non-payment.



This Note may be prepaid in part or in full before its maturity date, with interest to abate accordingly.

In case of default in the payment of any one of the aforesaid installments, and in case the Lender should elect, on account of such default, to declare the unpaid balance of the principal sum due and payable, said principal sum, or so much thereof as may remain unpaid at the time of such default, shall bear interest at the rate of 10.0% per centum per annum from the date of such default.

This contract is to be construed in all respects and enforced according to the laws of the State of Georgia.

Witness his hand(s) and seal(s)

BORROWER

_____(SEAL)
JOHN JOSEPH BRITTINGHAM, III